FULLER, SMITH & FULLER, APPELLANTS, v. J. M. PAULEY ET AL., APPELLEES.

FILED APRIL 21, 1896. No. 6521.

1. **Vendors' Liens:** MECHANICS' LIENS: PRIORITIES. A person who furnishes materials for use in the erection of buildings on land to one in possession thereof under contract of sale may acquire a mechanic's lien on the premises for any unpaid amount of the price of the materials, but if there is no agreement between the vendor and vendee of the land that the improvements shall be made, the lien can only attach to the interest of the vendee and will be subsequent and inferior to the lien of the vendor for any balance of the purchase price for the land remaining unpaid.

2. Conflicting Evidence: REVIEW. A finding of a trial court on a
    point in respect to which the evidence is conflicting, but which
    there is sufficient evidence to sustain, will not be disturbed.

APPEAL from the district court of Madison county.
Heard below before JACKSON, J.

*Phelps & Sabin* and *Wigton & Whitham*, for appellants.

*Allen, Robinson & Reed* and *W. E. Reed, contra.*

HARRISON, J.

It appears from the pleadings and evidence in this case
that W. T. Searles had contracted to purchase from the
state a section of what is generally known as "school
land," or a "school section," and had such written evi-
dences or contracts as are issued in transactions of this
character between the state and a purchaser of school
lands.   On October 1, 1887, he sold the land to one J. M.
Pauley, the price agreed upon being $12.50 per acre, or
$8,000 for the entire tract.   Pauley was to pay the
amount then unpaid to the state, $4,320, and to pay in
cash to Searles $3,680.   Of this last mentioned sum he
paid but $80.   In December of the same year, or the fol-
lowing January, pursuant to an agreement then entered
into by the parties, Pauley gave his notes, payable six
months after date, to Searles for the unpaid balance of
the amount of what was to have been the cash payment
of the purchase consideration.   After this arrangement
Pauley took possession of the land and remained in pos-
session until about November 1, 1888, and during the
time just indicated erected a house and barn and made
some other improvements thereon, and for the lumber
and other materials used in so doing became indebted to
the appellants, and also to S. K. Painter for some mate-
rial.   These bills not being paid, a lien was prepared and
filed by each party, in accordance with the provisions of
our statute in relation to mechanics' liens, and in this, an

action by appellants to enforce their lien, and in which S. K. Painter, the other lien-holder, and W. T. Searles were made defendants, a decree was rendered foreclosing the lien of appellants, also that of Painter, but subordinating them to the rights or demand of Searles, Pauley's vendor, for the unpaid balance of the purchase price of the land.

The question of the priority as between the liens for material and the vendor's claim for unpaid purchase money is the main one presented by the appeal. Collateral to this, but quite important in a final determination of the case, is the inquiry of whether Pauley, as a part consideration for the sale of the land to him by Searles, agreed to build the dwelling and barn, the furnishing of materials for which by the lien-holders, respectively, is the basis of the lien of appellants and of S. K. Painter. The evidence on this point in the case is conflicting, and the judge before whom it was tried made a general finding on the issues involved in favor of Searles, which comprised and included a finding that it was no part of the consideration for the purchase of the land that Pauley should build the house and barn, and this conclusion was amply supported by the evidence and will not be disturbed. The evidence discloses that Searles did not assign to Pauley the contracts of purchase issued by the state, but retained them in his possession, and intended to do so until the whole sum which he would realize from the transaction should be paid to him. With these conditions shown to exist,—a contract of sale from vendor to vendee, a portion of the purchase money unpaid, no part of the consideration between the vendor and vendee being an agreement by the vendee to erect the improvements, there being in fact no such an agreement, while the right to a lien for materials furnished to make the improvements might arise and attach,—it could, in any event, be only to the interest of the vendee in the property and as a lien subject and inferior to the right of the vendor for any unpaid balance of purchase money.

(*Mentzer v. Peters*, 33 Pac. Rep. [Wash.], 1078; *Thomas v. Ellison*, 22 S. W. Rep. [Ark.], 95; *Wilkins v. Litchfield*, 29 N. W. Rep. [Ia.], 447; *Smith v. Huckaby*, 23 S. W. Rep. [Tex.], 397; Phillips, Mechanics' Liens, sec. 72.) The judgment of the district court is

AFFIRMED.